UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00182-LLK

**BRANDIE MILLER**                                                                                                **PLAINTIFF**

**v.**

**CAROLYN COLVIN, Commissioner of Social Security**                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of the parties are at Docket Numbers (DN) 14 and 17. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. DN 10. This matter is ripe for determination.

The Administrative Law Judge (ALJ) acknowledged that Plaintiff suffers from a central auditory processing disorder[1] causing significant work restrictions. ALJ's decision, Administrative Record (AR), pp. 22 and 26. After the ALJ's denial decision, Plaintiff obtained a consultative neuropsychological evaluation from Jeffrey W. Gray, Ph.D. AR, pp. 6-15. She seeks a judicial remand for consideration by the ALJ of the new evidence. The remand will be denied because Plaintiff has failed to identify good cause for not submitting the evidence (or its equivalent) to the ALJ. On the contrary, she admits that she obtained Dr. Gray's opinion to rebut the ALJ's findings rather than in the normal course of treatment. DN 14, pp. 1-2. Therefore, the final decision of the Commissioner will be AFFIRMED and Plaintiff's complaint DISMISSED.

---

[1] Central auditory processing disorder (CAPD) is neither an ear impairment nor a psychological impairment. It is a physical hearing impairment that affects the hearing system beyond the ear, where meaning is extracted from non-essential background sound and delivered to the intellectual centers of the brain. An individual with CAPD has a reduced ability to discriminate, recognize, and comprehend auditory information. K.H. v. Mt. Diablo Unified School District, 2006 WL 1867679 n.4 (N.D.Cal.).

1

**Sentence 4 versus Sentence 6 Remands**

The ALJ's decision became the Commissioner's final decision (subject to judicial review pursuant to 42 U.S.C. § 405(g)) when, after review of the new evidence from Dr. Gray, the Appeals Council declined to disturb the ALJ's decision.  Appeals Council decision, AR, pp. 1-4; Wilson v. Commissioner, 378 F.3d 541, 543-44 (6th Cir.2004).  Because the Court reviews only the Commissioner's final decision, the Appeals Council's decision is non-reviewable.

Sentence 6 of Section 405(g) authorizes the Court to remand this matter to the Commissioner for consideration of new and allegedly material evidence (for example, Dr. Gray's opinion) if Plaintiff shows "good cause" for not submitting it to the ALJ.  Plaintiff bears the burden of showing that a Sentence 6 remand is appropriate.  Miller v. Commissioner, 811 F.3d 825, 839 (6th Cir.2016).

Sentence 4 authorizes remand for further administrative proceedings (and sometimes judicial award of benefits) if Plaintiff shows that the ALJ's decision is not supported by substantial evidence in the administrative record that was before the ALJ.  In this case, Dr. Gray's opinion is not part of the administrative record (proper).

**Plaintiff has failed to show good cause for late submission of the new evidence.**

Plaintiff admits that she obtained Dr. Gray's opinion to rebut the ALJ's findings rather than in the course of treatment:  "Because the ALJ's statements regarding the medical proof brought into question the validity and impact of the Plaintiff's auditory processing disorder, a post ALJ decision neuropsychological examination with Jeffrey W. Gray, Ph.D., was obtained and submitted to the Appeals Council for review and offered in support of the existence of this limiting disorder on her ability to maintain substantial gainful activity."  Plaintiff's Fact and Law Summary, DN 14, pp. 1-2.  Plaintiff lists the specific (mis)statements in the ALJ's decision that allegedly "warranted" her obtaining the post-decision opinion.  See DN 14, p. 2 referring to ALJ's decision at AR, pp. 30-33.

The Sixth Circuit takes "a harder line on the good cause test," requiring more than simply that the new evidence did not exist at the time of the ALJ's decision. Plaintiff must "give a valid reason for [her] failure to obtain evidence prior to the [ALJ's] hearing [or decision]." Courter v. Commissioner, 479 Fed.Appx. 713, 2012 WL 1592750 (6th Cir.2012) quoting Oliver v. Secretary, 804 F.2d 964, 966 (6th Cir.1986).

This Court has held that one aspect of this "harder line" is that: "[G]ood cause is shown for [a Sentence 6] remand if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." Guill-McCoy v. Commissioner, Civil Action No. 5:14-CV-00054-LLK, 2014 WL 6977886 (W.D.Ky.) quoting Koulizos v. Secretary, 1986 WL 17488 (6th Cir.).[2]

In light of her admission that she obtained the new evidence to rebut the ALJ's findings and provide further evidence of her disability claim, Plaintiff has failed to show good cause for late submission.

Plaintiff argues that good cause for a Sentence 6 remand is present because it was not Plaintiff's "fault that the neuropsychological testing was not ordered earlier." Fact and Law Summary, DN 14 quoting Snider v. Commissioner, 328 F.Supp.2d 703, 710 (E.D.Mich.2004).

In Davis v. Commissioner, 2009 WL 1657574 (M.D.Tenn.), the District Court reported that Davis "seized on" this same language from the Snider case as providing good cause for post-ALJ-decision submission of new IQ test results. Davis held that, because Davis was represented by counsel at the administrative level and counsel referred Davis for IQ testing only after the ALJ's decision, "the issue here is not the absence of fault, but the presence of good cause." The Court found a lack of good cause.

---

[2] Although Koulizos is a bit dated and unpublished, 6 other District Courts within the Circuit have recently applied it to find lack of good cause: Stone v. Commissioner, 2015 WL 5634322 (E.D.Ky.); Cotterman-Henson v. Commissioner, 2010 WL 6052382 (E.D.Tn.); Farler v. Commissioner, 2011 WL 3715047 (S.D.Ohio); Hartranft v. Commissioner, 2015 WL 1383608 (N.D.Ohio); Muscott v. Commissioner, 2015 WL 7248670 (E.D.Mich.); Mendendorp v. Commissioner, 2012 WL 991649 (W.D.Mich.).

Regardless of her lack of personal fault, Plaintiff has not shown good cause for late submission of the new evidence.  On that basis alone, she is not entitled to a Sentence 6 remand.

**Plaintiff has failed to show that the new evidence is material.**

Additionally, Plaintiff has failed to show materiality of the new evidence.

Evidence is material only if there is a reasonable probability that the ALJ would have reached a different disposition of the disability claim if presented with the evidence.  Miller v. Commissioner, 811 F.3d 825, 839 (6th Cir.2016).

While there is a reasonable probability that the ALJ would have modified some of his statements if presented with Dr. Gray's opinion, Plaintiff has failed to show that the ALJ probably would have adopted Dr. Gray's disabling findings, resulting in an award of disability benefits.  See particularly Dr. Gray's findings of "marked" limitation in 13 of 20 functional areas on the Medical Assessment (Mental) form.  AR, pp. 7-8.

Additionally, Dr. Gray's opinion is immaterial because new evidence obtained after an ALJ's decision pertaining to a long-standing impairment that did not preclude the plaintiff from working in the past is generally deemed immaterial.  See, for example, Davis v. Commissioner, 2009 WL 1657574 (M.D.Tenn.) (finding that IQ test results obtained after the ALJ's decision were immaterial because "[t]here is no evidence that the plaintiff's low intelligence quotient or alleged borderline intellectual functioning ever interfered with his ability to engage in substantial gainful activity").

The evidence indicates that Plaintiff has suffered from essentially the same auditory processing disorder described by Dr. Gray since at least age 14.  On July 12, 1990, Clinical Audiologist David Gillespie, M.A., opined:  "Since Brandie is already 14 years old it is almost certain that her auditory processing disorder represents a fixed neurological deficit as opposed to being the result of delayed maturation of the auditory nervous system."  Notwithstanding this life-long impairment, Plaintiff has

4

managed to successfully hold a significant number of jobs, including childcare worker, receptionist, records clerk, and medical assistant. ALJ's decision, AR, p. 34.[3]

Because Plaintiff has failed to establish materiality of the new evidence and good cause for its late submission, she is not entitled to a Sentence 6 remand.

**Plaintiff is not entitled to a Sentence 4 remand.**

Plaintiff identifies no evidence before the ALJ, which the ALJ was required to accept, that her auditory processing disorder imposes a work restriction in addition to the significant ones the ALJ acknowledged. See ALJ's decision at AR, p. 26.

The ALJ was not required to accept the disabling mental limitations opined by physician assistant Jeffrey Ward due to Plaintiff's "depression, low self-esteem, and poor concentration." AR, p. 505. A physician assistant is not an acceptable medical source. Social Security Ruling (SSR) 06-03p, 2006 WL 2329939. There is no evidence that Mr. Ward is qualified to opine mental limitations. Licensed psychologist Mardis Dunham, Ph.D., opined fewer restrictions, and the ALJ accepted that opinion. AR, pp. 33 and 261.

Because Plaintiff identifies no basis for concluding that the ALJ's decision is unsupported by substantial evidence, she is not entitled to a Sentence 4 remand.

---

[3] Plaintiff objects to the Appeals Council's finding that the evidence from Dr. Gray was immaterial simply because it post-dated the ALJ's decision: "We looked at [the evidence from Dr. Gray] dated September 12, 2014. The [ALJ] decided your case through April 10, 2014. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before April 10, 2014." Plaintiff's Fact and Law Summary, DN 14, p. 2 quoting Appeals Council decision, AR, p. 2. The Court agrees with Plaintiff that this rationale would be insufficient for Sentence 6 purposes because evidence post-dating an ALJ's decision is per-se immaterial only when it reflects a subsequent deterioration or change in a claimant's condition. Sizemore v. Secretary, 865 F.2d 709, 711–712 (6th Cir.1988). However, the Appeals Council's decision of administrative immateriality is non-reviewable, and the Court has identified other reasons for finding that the evidence is immaterial for Sentence 6 purposes.

**Order**

It is, therefore, ORDERED that the final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.

A separate judgment dismissing this case shall enter.